The CITY OF HOUSTON, Appellant,

v.

U.S. FILTER WASTEWATER GROUP, INC., Appellee.

No. 01–05–00433–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 5, 2006.

Arturo G. Michel, City of Houston, City Atty., Hope E. Hammill–Reh, Sr. Asst. City Atty., Houston, for appellant.

Jim Taylor, W. Curt Webb, Beck, Redden & Secrest, L.L.P., Houston, for appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION

SHERRY RADACK, Chief Justice.

The City of Houston brings this interlocutory appeal from the trial court's denial of the City's plea to the jurisdiction,[1] which it filed in response to U.S. Filter Wastewater Group, Inc.'s Rule 202 presuit discovery petition. We affirm.

## BACKGROUND

The City released a competitive bid proposal related to the procurement of goods and services for odor control for use in conjunction with its wastewater treatment operations. In December 2004, the City awarded the bid to Altivia Corporation ["Altivia"].

U.S. Filter Wastewater Group, Inc. ["U.S. Filter"], which previously demonstrated its patented odor treatment process to the City, contends that the bid process was improper because the City structured the bid as a request for the purchase of the chemicals contained in, but not covered by, U.S. Filter's patented process. U.S. Filter seeks to investigate whether the City and Altivia, the high bidder, are using the chemicals the City obtained through the bid process in such a manner as to violate U.S. Filter's patented odor control process.

Pursuant to Rule 202 of the Texas Rules of Civil Procedure, U.S. Filter filed a peti-

---

1. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2005) (allowing interlocutory appeal from order granting or denying a governmental entity's plea to the jurisdiction).

tion in the trial court to take the presuit depositions of two employees of the City of Houston. U.S. Filter "seeks by [its] petition to investigate a potential claim or suit against the City of Houston and Altivia for the violation of proper competitive bidding procedures under applicable State and Municipal law, potential theft of trade secrets and/or misappropriation, and/or for the ongoing violation of its intellectual property rights." U.S. Filter's Rule 202 petition also alleged that "[a]n important factual element regarding such potential claims concerns the matter in which the City of Houston is using the commodity chemical procured from Altivia Corporation. [U.S. Filter] believes and therefore avers that the deponents Messrs. Mehta and Manno, are the individuals most knowledgeable concerning such facts."

The City filed special exceptions, which the trial court granted. However, the trial court conditioned the grant of the City's special exceptions on the City responding, by affidavit, to U.S. Filter's questions about how the chemicals obtained through the bidding process were being used.

The City did not respond to U.S. Filter's written questions, and, instead, filed a plea to the jurisdiction. After an oral hearing at which no evidence was adduced, the trial court denied the City's plea to the jurisdiction and ordered the City to present its employees—Yogesh Mehta and Sal Manno—for deposition. This interlocutory appeal followed.

## DENIAL OF PLEA TO THE JURISDICTION

In two issues on appeal, the City contends that the trial court erred by denying its plea to the jurisdiction because (1) U.S. Filter failed to state a potential state law claim against the City which could confer jurisdiction on the trial court to order presuit depositions and (2) U.S. Filter's sole potential federal claim—patent infringement—cannot be brought in state court.

### Standard of Review

A plea to the jurisdiction is a dilatory plea by which a party challenges a court's authority to determine the subject matter of the action. *Bland ISD v. Blue,* 34 S.W.3d 547, 554 (Tex.2000). The purpose of a dilatory plea is not to force the plaintiffs to preview their case on the merits but to establish a reason why the merits should never be reached. *Id.* Because the question of subject matter jurisdiction is a legal question, we review the trial court's ruling on a plea to the jurisdiction under a de novo standard of review. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998).

The party suing the governmental entity bears the burden of affirmatively showing that the trial court has jurisdiction. *Tex. Dep't of Criminal Justice v. Miller,* 51 S.W.3d 583, 587 (Tex.2001). To determine whether U.S. Filter has affirmatively demonstrated the trial court's jurisdiction to hear the case, we consider the facts alleged in the petition and any evidence pertinent to the jurisdictional inquiry. *Tex. Natural Res. Conservation Comm'n v. White,* 46 S.W.3d 864, 868 (Tex. 2001); *Bland ISD,* 34 S.W.3d at 555. We examine the claims in the pleadings, taking as true the facts pleaded, and determine whether those facts support jurisdiction in the trial court. *Baston v. City of Port Isabel,* 49 S.W.3d 425, 427–28 (Tex.App.-Corpus Christi 2001, pet. denied).

We must construe the pleadings in the plaintiff's favor and look to the pleader's intent. *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002); *Peek v. Equip. Serv. Co.,* 779 S.W.2d 802, 804 (Tex.1989). A plaintiff bears the burden to allege facts affirmatively demonstrating the trial court's jurisdiction to hear a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.

1993). If a plaintiff pleads facts that affirmatively demonstrate an absence of jurisdiction, and the defect is incurable, then the cause is properly dismissed. *Id.* If the plaintiff's pleadings are insufficient to demonstrate the court's jurisdiction, but do not affirmatively show incurable defects in jurisdiction, the proper remedy is to allow the plaintiff an opportunity to amend before dismissal. *Brown,* 80 S.W.3d at 555; *Peek,* 779 S.W.2d at 805.

### Law and Analysis

Rule 202 of the Texas Rules of Civil Procedure provides as follows:

> A person may petition the court for an order authorizing the taking of a deposition on oral examination or written questions either:
>
> (a) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or
>
> (b) to investigate a potential claim or suit.

TEX.R. CIV. P. 202.1.

■ The City contends that the trial court erred by ordering its employees deposed because "U.S. Filter failed to state any valid potential state law cause of action which could serve as the future basis for bringing suit in state court against the City." Specifically, the City contends that it is immune from any state law claims and that the only potentially actionable claim against it—patent infringement—lies exclusively in federal court. In sum, the City argues that, because there is no possibility of liability against it if suit were ever filed in state district court, the state district court, likewise, has no jurisdiction over the Rule 202 petition.

Even if we were to agree that the state district court would have no jurisdiction over *the City* for the claims that U.S. Filter seeks to investigate, the district court would have jurisdiction over *Altivia.* For example, if the depositions reveal facts constituting a civil conspiracy between the City and Altivia, U.S. Filter could pursue a claim against Altivia, even if the City were immune.[2] *See Dennis v. Sparks,* 449 U.S. 24, 30, 101 S.Ct. 183, 186–87, 66 L.Ed.2d 185 (1980) (holding that immunity given judge under section 1983 does not inure to benefit of those accused of conspiring with him); *B.K. v. Cox,* 116 S.W.3d 351, 358–59 (Tex.App.-Houston [14th Dist.] 2003, no pet.) (holding that private individuals who conspired with judge could be sued, even though judge could not). There is no requirement in Rule 202 that the person sought to be deposed be a potentially liable defendant in the claim under investigation.

Because a portion of the claim under investigation—a claim against Altivia—is under the jurisdiction of the state district court, the court did not err in denying the City's plea to the jurisdiction. *See City of Willow Park v. Squaw Creek Downs, L.P.,* 166 S.W.3d 336, 340–41 (Tex.App.-Fort Worth 2005, no pet.) (holding city's plea to the jurisdiction in Rule 202 proceeding properly denied because district court had jurisdiction over portion of claim under investigation, even if city and governmental agency had exclusive jurisdiction over another portion of claim).

### CONCLUSION

We affirm the trial court's order denying the City's plea to the jurisdiction.

---

2. In its reply brief, the City argues that U.S. Filter has not pleaded a civil conspiracy claim against Altivia. However, Rule 202 does not require a petitioner to plead a specific cause of action; instead, it requires only that the petitioner "state the subject matter of the anticipated action, if any, and the petitioner's interest therein[.]" TEX.R. CIV. P. 202.2(e).