Petition for Writ of Mandamus Denied and Opinion filed January 10, 2007








 

Petition
for Writ of Mandamus Denied and Opinion filed January 10, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00002-CV

____________

 

IN RE EMERGENCY CONSULTANTS, INC.,

JAMES JOHNSON, TOM ZGURIS, AND MIKE BOYLE, Relators

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

O P I N I
O N

This
case addresses a potential litigant=s ability to take a deposition
pursuant to Texas Rule of Civil Procedure 202 prior to filing suit in order to
investigate potential claims.  On July 27, 2006 and October 31, 2006, the trial
court entered orders permitting four pre-suit depositions.  Relators Emergency
Consultants, Inc., James Johnson, Tom Zguris, and Mike Boyle have filed a
petition for writ of mandamus and request for emergency relief in this court.  See
Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004);  Tex.
R. App. P. 52.  Relators seek a writ of mandamus requiring the trial
court to set aside its orders, with the effect that real party in interest Dr.
Crystal Cassidy would be precluded from taking the proposed pre-suit
depositions.  








Relators
claim that Dr. Cassidy should be precluded from taking the proposed depositions
because she has not asserted a Apotential claim@ as required by Rule 202.  They
allege that Dr. Cassidy=s only Apotential claim@ is a claim for a violation of the
Texas Medical Practice Act, Tex. Occ.
Code Ann. ' 165.156 (Vernon 2004), which does not provide a person with
a private cause of action.  See, e.g, Cole v. Huntsville Mem=l Hosp., 920 S.W.2d 364, 373 (Tex. App.CHouston [1st Dist.] 1996, writ
denied).[1]  Relators
maintain that, by its express language, Rule 202 requires a Apotential claim or suit@ before a deposition should be
permitted, and that Dr. Cassidy has not identified a viable claim in her
petition for pre-suit depositions.

Investigating
a potential claim or suit is one of the express purposes of Rule 202, see
Tex. R. Civ. P. 202.1(b), and a
potential litigant should be permitted to explore whether claims exist without
having to file a lawsuit to do so.  Any other holding would eviscerate the
investigatory purpose of Rule 202 and essentially require one to file suit
before determining whether a claim exists.  This is not efficient, and it
potentially places counsel in a quandry, considering counsel=s ethical duty of candor to the court
and the requirements of Texas Rule of Civil Procedure 13.[2] 









We
accordingly reject relators= attempt to define Dr. Cassidy=s claim as solely a claim under the
Texas Medical Practice Act.  The facts reveal that Dr. Cassidy has had a long
professional relationship with relators, and that Dr. Cassidy is a party to
more than one contract flowing from that relationship.  As Dr. Cassidy points
out, she may have a potential claim that the illegal corporate practice of
medicine renders her contracts illegal.  See, e.g., Penny v. Orthalliance,
Inc., 255 F. Supp. 2d 579 (N.D. Tex. 2003) (suit to challenge validity of
agreements based on the unauthorized practice of dentistry). 

Rule 202
does not require a potential litigant to expressly state a viable claim before
being permitted to take a pre-suit deposition.  See, e.g., City of Houston
v. U.S. Filter Wastewater Group, Inc., 190 S.W.3d 242, 245 (Tex. App.CHouston [1st Dist.] 2006, orig.
proceeding) (AThere is no requirement in Rule 202 that the person sought to be deposed
be a potentially liable defendant in the claim under investigation.@).  By its terms, Rule 202 instead
requires a trial court to order a deposition if it makes one of two findings, either
that Aallowing the petitioner to take the
requested deposition may prevent a failure or delay of justice in an
anticipated suit@ or that Athe likely benefit of allowing the petitioner to take the
requested deposition to investigate a potential claim outweighs the burden or
expense of the procedure.@  Tex. R. Civ. P.
202.4(a)(1) & (2).  After an evidentiary hearing, the trial court made both
findings in this case.

Relators
have not established that the trial court abused its discretion in making these
findings.  A writ for mandamus may lie to challenge a trial court=s order for pre-suit depositions, see
In re Hewlett Packard, No. 03-06-00028-CV, ___S.W.3d___, 2006 WL 1295502,
at *2 (Tex. App.CAustin May 12, 2006, orig. proceeding [mand. denied]).[3] 
However, in this case, relators have not established that they are entitled to
mandamus relief. 

 

 

 








Accordingly,
we deny relators= petition for writ of mandamus and relators= motion for temporary relief.

 

PER CURIAM

 

Petition Denied and Opinion filed
January 10, 2007.

Panel consists of Justices Hudson,
Frost, and Guzman.

 









            [1]We express no
opinion on the scope of the Texas Medical Practice Act, Tex. Occ. Code Ann. '
165.156, or the merits of any potential claim.





            [2]Rule 13 provides
in part that A[t]he signatures of attorneys or parties constitute a
certificate by them that they have read the pleading, motion, or other paper;
that to the best of their knowledge, information and belief formed after
reasonable inquiry the instrument is not groundless and brought in bad faith or
groundless and brought for the purpose of harassment.@





            [3]We reject relators= claim that this case is controlled by the Hewlett
Packard decision.  That case involved a competitor=s attempt to access information that included Hewlett
Packard=s trade secrets, interests that are not at stake in
this case.