**Opinion issued September 27, 2012**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00754-CV

————————————

**THE UNIVERSITY OF TEXAS M.D. ANDERSON CANCER CENTER,**
**Appellant**

**V.**

**ROBERT K. TCHOLAKIAN, Appellee**

———

**On Appeal from the 129th District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-44889**

———

## MEMORANDUM OPINION

Appellee Robert K. Tcholakian filed a petition for Rule 202 deposition, seeking to depose a corporate representative of the University of Texas M.D. Anderson Cancer Center "to investigate potential claims Petitioner may have

against [M.D. Anderson] and/or others." In response, M.D. Anderson filed a plea to the jurisdiction on sovereign immunity grounds. The trial court denied the motion, and M.D. Anderson brought this interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon 2008). We affirm the trial court's order.

## BACKGROUND

Tcholakian is the inventor and owner of certain technology related to the prevention of infections in implant patients called "Silastic Sheath Technology."[1] Tcholakian entered into several agreements with M.D. Anderson providing that M.D. Anderson would commercialize the technology and pay to Tcholakian a percentage of the royalties and other payments M.D. Anderson received for the technology. Under the parties' agreements, Tcholakian was required to, and did, assign all his rights to the technology to M.D. Anderson.

M.D. Anderson licensed the Silastic Sheath technology to Medtronics, Inc. and agreed to pay Tcholakian 15% of the revenues M.D. Anderson received from the Medtronic license agreement. The Medtronic license agreement entitled M.D. Anderson to a maximum cumulative royalty of $67 million. Under Tcholakian's agreement with M.D. Anderson, he would be entitled to 15% of that amount, i.e., $10,050,000.

---

[1] The facts recited in this background section are those alleged in Tcholakian's Rule 202 petition.

Tcholakian alleges that M.D. Anderson allowed the patents to expire, thereby wrongfully causing the agreements with Tcholakian to terminate, for the sole purpose of excluding him from sharing in revenues from the Medtronic license agreement. Tcholakian notes that he is "not privy to any information regarding the status of Medtronic's efforts to market products under the license or the amounts paid or anticipated to be paid by Medtronic since [M.D. Anderson]'s wrongful termination of its agreements with" him.

Tcholakiam's Rule 202 petition states that he "therefore seeks to depose a corporate representative of [M.D. Anderson] with knowledge of the following topics: (1) the current status of the Medtronic license; (2) communications between [M.D. Anderson] and Medtronic regarding the development and marketing or products under the Medtronic license; and (3) communications between [M.D. Anderson] and Medtronic regarding the termination of the agreements between" M.D. Anderson and Tcholakian. Tcholakian requests that certain documents be brought to the deposition related to these topics, and states that he "needs the requested deposition to determine whether and to what extent he may have a claim against [M.D. Anderson] and/or Medtronic."

In response, M.D. Anderson filed a plea to the jurisdiction, arguing that Tcholakian was required to plead and prove a valid waiver of sovereign immunity before the court could acquire jurisdiction to consider his petition for Rule 202

3

deposition. Tcholakian responded that sovereign immunity has no application in the rule 202 context and, alternatively, even assuming that sovereign immunity can be relevant to rule 202 proceedings and assuming that M.D. Anderson has not waived that immunity, sovereign immunity would not prevent the court from allowing M.D. Anderson's representative to be deposed presuit under Rule 202 in connection with Tcholakian's investigation of his claims against Medtronic.

The trial court denied M.D. Anderson's plea to the jurisdiction, and M.D. Anderson timely brought this interlocutory appeal.

## APPLICABLE LAW

Sovereign immunity, encompassing both immunity from suit and immunity from liability, deprives the court of subject-matter jurisdiction over suits against the State and its agencies, unless the State has waived such immunity. *E.g.*, *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009); *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003).

A plea to the jurisdiction is a dilatory plea by which a party challenges a court's authority to determine the subject matter of the action. *Bland ISD v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Because subject-matter jurisdiction presents a legal question, we review the trial court's ruling on a plea to the jurisdiction de novo. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

4

The party suing the governmental entity bears the burden of affirmatively showing that the trial court has jurisdiction. *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). To determine whether a plaintiff has affirmatively demonstrated the trial court's jurisdiction, we consider the facts alleged in the petition and any evidence pertinent to the jurisdictional inquiry. *Tex. Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001); *Bland ISD*, 34 S.W.3d at 555. We take pleaded facts as true. *Baston v. City of Port Isabel*, 49 S.W.3d 425, 427–28 (Tex. App.—Corpus Christi 2001, pet. denied).

Rule 202 of the Texas Rules of Civil Procedure permits a person to petition a trial court for an order authorizing a deposition before suit is filed. TEX. R. CIV. P. 202.1. The deposition may be taken to perpetuate testimony for use in an anticipated suit or to investigate a potential claim or suit. *Id*. A deposition may be ordered only if the trial court finds that allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit or, where the deposition is to investigate a potential claim, that the likely benefit outweighs the burden or expense of the procedure. TEX. R. CIV. P. 202.4(a).

**PARTIES' ARGUMENTS**

M.D. Anderson argues that, because it has raised sovereign immunity, the trial court must determine whether Tcholakian has pleaded and proven a waiver of

5

sovereign immunity before the court can exercise jurisdiction. In support, M.D. Anderson chronicles the "broad range of contexts" in which sovereign immunity has been held to apply, including breach-of-contract monetary damage suits and suits for declaratory judgments. M.D. Anderson also points out that sovereign immunity generally protects the state agencies from the inherent burden of expenditures of state resources to defend against discovery before the government entity's plea to the jurisdiction is decided and any appeals from that decision are final. *See City of Galveston v. Gray*, 93 S.W.3d 587, 591 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (granting mandamus relief from trial court's refusal to rule on plea to the jurisdiction, reasoning that the benefits of sovereign immunity are lost if the court "erroneously assumes jurisdiction and subjects the governmental unit to pre-trial discovery and the costs incident to litigation").

M.D. Anderson asserts that there are only two routes to pursuing a contract claim against the state, i.e., filing a Notice of Claim under Texas Government Code Chapter 2260, and obtaining a resolution from the Legislature to consent to suit. Because Tcholakian alleges that M.D. Anderson breached its agreement, M.D. Anderson contends that a Notice of Claim or Legislative waiver of sovereign immunity are his only options, and that Rule 202's provisions allowing pre-suit deposition cannot waive sovereign immunity because Rule 202 was promulgated by the Texas Supreme Court, not the Legislature.

6

Finally, M.D. Anderson urges us to analogize this situation to the medical malpractice context, where the "Texas Supreme Court has recognized that statutory limits protect Rule 202 deponents." Specifically, in *In re Jorden*, the supreme court held that Rule 202 did not permit a pre-suit deposition for the purpose of investigating a medical malpractice claim before the expert report and curriculum vitae required by section 74.351(s) of the Texas Civil Practice and Remedies Code had been served. 249 S.W.3d 416, 422 (Tex. 2008) (orig. proceeding). According to M.D. Anderson, "[s]overeign immunity is even stronger than the *Jorden* protections because sovereign immunity determines whether the trial court has jurisdiction over the state agency."

In response, Tcholakian argues that, "[u]nder Texas law, including this Court's opinion in *City of Houston v. U.S. Filter Wastewater Group, Inc.*, 190 S.W.3d 242 (Tex. App.—Houston [1st Dist.] 2006, no pet.), sovereign immunity does not deprive a trial court of jurisdiction to order investigative depositions of governmental entitles under Rule 202 of the Texas Rules of Civil Procedure where the potential claim under investigation may be brought against a non-immune party." Thus, because he seeks this deposition in connection with the investigation of potential claims against not only M.D. Anderson, but also non-immune Medtronic, the trial court has jurisdiction to allow the pre-suit deposition of an M.D. Anderson representative.

Alternatively, Tcholakian contends that "[s]hould the Court determine that *U.S. Filter* is not dispositive, the trial court's order should still be affirmed because Tcholakian's Rule 202 Petition alleges facts supporting a finding that [M.D. Anderson] waived its immunity." *See Tex. S. Univ. v. State St. Bank & Trust Co.*, 212 S.W.3d 893, 908 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (holding waiver-by-conduct exception applied in part because the governmental entity defendant "lured [the plaintiff] into the [agreement] with false promises that the contract would be valid and enforceable, then disclaimed any obligation on the contract by taking the position that the contract was not valid after all").

## ANALYSIS

We agree with Tcholakian that this Court's decision in *U.S. Filter* is dispositive of this appeal and supports the trial court's denial of M.D. Anderson's plea to the jurisdiction. We thus affirm.

In *City of Houston v. U.S. Filter Wastewater Group, Inc.*, U.S. Filter was concerned that the City of Houston had improperly used knowledge about U.S. Filter's patented odor treatment process to secure bids for chemicals contained in that treatment to circumvent U.S. Filter's patents. 190 S.W.3d at 243. Altivia Corporation was the winning bidder to supply the chemicals at issue. *Id.*

U.S. Filter filed a Rule 202 petition, seeking pre-suit depositions of two City of Houston Employees "to investigate a potential claim or suit against the City of

8

Houston and Altivia for the violation of proper competitive bidding procedures under applicable [s]tate and [m]unicipal law, potential theft of trade secrets and/or misappropriation, and/or for the ongoing violation of its intellectual property rights." *Id.* at 243–44. The Rule 202 petition also alleged that "[a]n important factual element regarding such potential claims concerns the matter in which the City of Houston is using the commodity chemical procured from Altivia Corporation[;] [U.S. Filter] believes and therefore avers that the deponents Messres. Mehta and Manno, are the individuals most knowledgeable concerning such facts." *Id.* at 244.

The City filed a plea to the jurisdiction, which the trial court denied. The City then brought an interlocutory appeal to this Court, arguing that "U.S. Filter failed to state any valid potential state law cause of action which could serve as the future basis for bringing suit in state court against the City." *Id.* at 245. Specifically, it contended that "it is immune from any state law claims and that the only potentially actionable claim against it—patent infringement—lies exclusively in federal court." *Id.* It reasoned that "because there is no possibility of liability against it if suit were ever filed in state district court, the state district court, likewise, has no jurisdiction over the Rule 202 petition." *Id.*

We rejected the City's argument and affirmed the trial court's denial of the City's pleas to the jurisdiction, reasoning that because the district court had

jurisdiction over "a portion of the claim under investigation—a claim against Altivia," the "court did not err in denying the City's plea to the jurisdiction." *Id.* (citing *City of Willow Park v. Squaw Creek Downs, L.P.*, 166 S.W.3d 336, 340–41 (Tex. App.—Fort Worth 2005, no pet.) (holding city's plea to the jurisdiction in Rule 202 proceeding properly denied because district court had jurisdiction over portion of claim under investigation, even if city and governmental agency had exclusive jurisdiction over another portion of claim)). We explained,

> Even if we were to agree that the state district court would have no jurisdiction over *the City* for the claims that U.S. Filter seeks to investigate, the district court would have jurisdiction over *Altivia*. For example, if the depositions reveal facts constituting a civil conspiracy between the City and Altivia, U.S. Filter could pursue a claim against Altivia, even if the City were immune. *See Dennis v. Sparks*, 449 U.S. 24, 30, 101 S. Ct. 183, 186–87, 66 L.Ed.2d 185 (1980) (holding that immunity given judge under section 1983 does not inure to benefit of those accused of conspiring with him); *B.K. v. Cox*, 116 S.W.3d 351, 358–59 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (holding that private individuals who conspired with judge could be sued, even though judge could not). There is no requirement in Rule 202 that the person sought to be deposed be a potentially liable defendant in the claim under investigation.

*U.S. Filter*, 190 S.W.3d at 245.

Despite Tcholakian's expressed intent to investigate claims against Metronics, a non-immune party, most of M.D. Anderson's briefing ignores the claims against Metronics and argues that the Rule 202 deposition is improper because the trial court would allegedly lack jurisdiction over a breach-of-contract claim against M.D. Anderson. When it does briefly acknowledge the claims

10

against Metronics in a footnote of its reply brief, it seeks to distinguish *U.S. Filter* with the assertion that Tcholakian "has not plead any facts demonstrating that it has a cause of action over Medtronics which would be within the trial court's jurisdiction." But M.D. Anderson has not filed special exceptions and, as we recognized in rejecting a similar argument in *U.S. Filter*, "Rule 202 does not require a petitioner to plead a specific cause of action; instead, it requires only that the petitioner 'state the subject matter of the anticipated action, if any, and the petitioner's interest therein.'" *Id*. at 245 n.2 (quoting Tex. R. Civ. P. 202.2(e)).

M.D. Anderson argues the trial court is "allowing Rule 202 to override sovereign immunity." This is not so. The trial court has not made the determination that M.D. Anderson is subject to suit or liability; instead, it has taken Tcholakian's pleading as true—as it is required to do—and exercised its discretion to permit investigation through a Rule 202 deposition of claims against both a non-immune and a potentially immune entity.

We also disagree with M.D. Anderson's argument that *In re Jorden*, rather than *U.S. Filter*, governs here. *In re Jorden* involved health-care claims covered by Chapter 74 of the Texas Civil Practice & Remedies Code. The claimant in that case sought Rule 202 depositions of several medical care providers for the purpose of investigating a medical-malpractice claim. *In re Jorden*, 249 S.W.3d at 418–19. Section 74.351 of the Texas Civil Practice and Remedies Code requires a health-

11

care-liability claimant to file a medical expert report in support of that claim, and it expressly stays all discovery until such report is filed, except "for the acquisition by the claimant of information, including medical or hospital records or other documents or tangible things, related to the patient's health care through" specifically enumerated types of discovery. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a), (s) (Vernon 2012).

Resolving a split in authority among the courts of appeals, the supreme court in *In re Jorden* held that Rule 202 depositions are not permitted before an expert report is filed. 249 S.W.3d at 424. The court began by noting as a threshold matter that, even though suit had not yet been filed, the claimant was nonetheless advancing a "health-care-liability claim" as that status is defined in Chapter 74. *Id.* at 421–22. It then reasoned that because the statute "expressly states that *all discovery* is prohibited" and because "the three exceptions it allowed do not include Rule 202," Rule 202 depositions cannot be taken before an expert report is filed. *Id.* at 422.

Section 74.351 provides for specific types of discovery related to a patient's care before an expert report must be filed, while specifically prohibiting all others. As the supreme court recognized in *In re Jorden*, this reflects the balance that the Legislature has deemed appropriate between a claimant's right and need to investigate potential claims and health-care defendants' rights to limit early

discovery to advance the legislative goal of ensuring access to affordable medical care. *Id.* at 420; *see also id.* at 423 ("[W]hen the Legislature enacted section 74.351, it expressly found that the benefits of deposing health care providers *do not* outweigh the burden and expense involved until after an expert report is served.").

Unlike *In re Jorden*, this case does not involve a comprehensive statutory scheme delineating allowable types of discovery against non-parties; nor does it involve an express legislative prohibition on other types of discovery. We conclude our opinion in *U.S. Filter* is more analogous and controlling.

## CONCLUSION

We affirm the trial court's order denying M.D. Anderson's plea to the jurisdiction.

 

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

13