**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

1/5/15

Dorian E. Ramirez

CLERK

ACCEPTED
13-14-00481-CV
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
12/31/2014 2:18:33 PM
DORIAN RAMIREZ
CLERK

No. 13-14-0048 1-CV

# IN THE THIRTEENTH COURT OF APPEALS
## CORPUS CHRISTI, TEXAS

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
1/5/2015 8:00:00 AM
DORIAN E. RAMIREZ
Clerk

**BRETT WILLIAM BOSTIAN, LYNDA ANN DE LEON, RYAN
ELIZONDO, AND DOYNE SCOTT ELLIFF,
CORPUS CHRISTI INDEPENDENT SCHOOL
DISTRICT EMPLOYEES,**
*Appellants*

**v.**

**JOSEPHINE LIMON,**
*Appellee*

**On Appeal from County Court of Law No. 4, Nueces County, Texas
Cause Number 2013CCV-61773-4**

## REPLY BRIEF OF APPELLEE JOSEPHINE LIMON

**Greggory A. Teeter
THOMAS J. HENRY INJURY ATTORNEYS
Attorney for Appellee
521 Starr Street
Corpus Christi, Texas 78401
361.985.0600**

## ORAL ARGUMENT REQUESTED

i

## IDENTITY OF PARTIES AND COUNSEL

Josephine Limon
Petitioner/Appellee
Greggory A. Teeter
State Bar no. 24033264
Thomas J. Henry Injury Attorneys
521 Starr Street
Corpus Christi, Texas 78401
Telephone: (361) 985-0600
gteeter@thomasjhenrylaw.com
Attorneys for the Petitioner/Appellee – Trial and Appellate Counsel

Brett William Bostian, Lynda ann De Leon, Ryan Elizondo, Doyne Scott Elliff
Respondents/Appellants
Philip Fraissinet
State Bar No. 00793749
Bradley J. Domangue
State Bar No. 24065156
Thompson & Horton, LLP
3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone: (713) 554-6743
Telecopy: (713) 583-9668
pfraissenet@thompsonhorton.com
Attorneys for the Respondents/Appellants – Trial and Appellate Counsel

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument would give the Court a more complete understanding of the facts and legal issues presented in this appeal. *See* TEX. R. APP. P. 39.1(c). The facts in the instant case require additional explanation in order to fully understand the issues presented in this case. Therefore, the decisional process would be significantly aided by having counsel present to explain why the facts do or do not support Appellants' contentions. *See* TEX. R. APP. P. 39.1(d). Accordingly, Appellee respectfully requests the Court grant oral argument.

# TABLE OF CONTENTS

**IDENTITY OF PARTIES AND COUNSEL** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

**STATEMENT REGARDING ORAL ARGUMENT** . . . . . . . . . . . . . . . . . . . . . ii

**TABLE OF CONTENTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

**TABLE OF AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

**STATEMENT OF THE CASE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .v

**ISSUES PRESENTED** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

**STATEMENT OF FACTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

**SUMMARY OF THE ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**APPLICABLE LEGAL STANDARDS**
    **I.     STANDARD OF REVIEW** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    **II.    APPELLANTS FAILED MET THEIR BURDEN TO SHOW THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT CORRECTLY GRANTED APPELLEE'S RULE 202 ORDER**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    **III.  THE BENEFIT OF GRANTING RULE 202 DEPOSITIONS TO SEEK JUSTICE FOR THE PREVENTABLE DEATH OF APPELLEE'S CHILD FAR OUTWEIGHS THE BURDEN OF APPELLANTS SPENDING A LITTLE MORE THAN TIME** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**CONCLUSION /PRAYER** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# TABLE OF AUTHORITIES

**Cases**

*Patton Boggs*, *LLP v. Moseley*, 394 S.W.3d 565, 568–69 (Tex. App.- Dallas, 2011, no pet.).

*Walker v. Packer*, 827 S. W. 2d 833 (Tex. 1992).

*M.D. Anderson v. Tcholakian*, 2012 WL 4465349, *2 (Tex. App.—Houston     [1st Dist.] Sept. 27, 2012, no pet.)

*Houston v. U.S. Filter Wastewater Group, Inc.*, 190 S.W.3d 242, 244 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

*Combs v. Tex. Civil Rights Project*, 410 S.W.3d 529, 534 (Tex. App.—Austin 2013, no pet).

*Office Employees Int'l Union Local 277 v. Southwestern Drug Corp.,* 391 S.W.2d 404, 406 (Tex.1965).

*In re Does*, 337 S.W.3d 862, 864 (Tex. 2011).

**Rules**

Tex. R. App. P. 39.1(c)

Tex. R. App. P. 39.1(d)

Tex. R. Civ. Proc. 202.

Tex. R. Civ. Proc.  202.4(a)(1)(2).

## STATEMENT OF THE CASE

Appellants attempt to turn the trial court's analysis of the propriety of depositions under Texas Rule of Civil Procedure 202 to investigate a claim into a question of whether Appellants are immune from a potential suit that Appellees have not brought. Under well-established Texas law, Appellants' potential immunity from suit is irrelevant to the trial court's decision that Appellee is entitled to take depositions under Texas Rule of Civil Procedure 202.

# ISSUES PRESENTED

1. The trial court did not abuse its discretion when it correctly granted Plaintiff's Rule 202 petition.

2. The benefit of granting Rule 202 depositions to seek justice for the preventable death of a child far outweighs the burden appellants spending a little more than time.

On September 11, 2013, Cameron Espinosa ("Cameron"), a 13-year-old student at Haas Middle School in Corpus Christi, was playing in a football game when fire ants attacked him. At the time he was stung, he informed his coach, Ryan Elizondo, who then instructed him to rinse the ants off and take a break. Within thirty minutes, Cameron was having difficulty breathing and went into anaphylactic shock. He was transported by EMS to Corpus Christi Medical Center – Bay Area and then to Driscoll Children's Hospital, where he was determined to be brain dead. On September 15, 2013, Cameron was removed from life support.

On September 23, 2013, Cameron's mother, Ms. Limon, filed a petition seeking pre-suit depositions of Corpus Christi Independent School District ("CCISD") Superintendent Doyne Scott Elliff, the Haas Middle School ("HMS") Principal Lynda Ann Deleon, Head of Maintenance for CCISD Brett William Bostian, and HMS Football Coach Ryan Elizondo, in order to investigate potential claims in her son's death. On January 10, 2014, Respondents made a plea to the jurisdiction and response in opposition to Ms. Limon's petition for pre-suit deposition.

On July 29, 2014, a hearing was held before the Honorable Judge James Klager in the County Court at Law No. 4, on Limon's 202 petition and the

CCISD's plea to the jurisdiction. Judge Klager, after hearing the arguments of counsel and considering the pleadings on file, granted Limon's request to take the depositions of the key CCISD personnel, on the basis that Limon satisfied the requirements of Rule 202.

## SUMMARY OF ARGUMENT

Under long-standing Texas law, Appellee is entitled to take depositions to investigate potential claims for the preventable death of her child, Cameron Espinosa, because the benefits of granting the Rule 202 depositions undeniably outweigh the burden. The trial court correctly granted Appellee's request under Rule 202. Contrary to Appellants' weak protestations otherwise, Appellee is not required to plead any specific cause of action against any party, and Appellants' claims of immunity are irrelevant to the trial court's analysis.

## APPLICABLE LEGAL STANDARDS

### I.      Standard of Review

A trial court's order permitting discovery under Rule 202 is reviewed under an abuse of discretion standard.[1]  A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law.[2]  In order to obtain mandamus relief, Appellants must show both that the trial court has abused its discretion and that Appellants have no adequate appellate remedy.[3]

### II.     Appellants failed to meet their burden to show the trial court abused its discretion when it correctly granted Appellee's Rule 202 order.

Under Rule 202, pre-suit deposition of an immune party is allowed if a third-party defendant may be identified.[4] A specific claim against a specific party, however, is not required prior to the pre-suit deposition, which is consistent with

---

[1] *Patton Boggs, LLP v. Moseley*, 394 S.W.3d 565, 568–69 (Tex. App.- Dallas, 2011, no pet.).

[2] *Walker v. Packer*, 827 S. W. 2d 833 (Tex. 1992).

[3] *Id.*

[4] *M.D. Anderson v. Tcholakian*, Cause No. 2012 WL 4465349, *2 (Tex. App.—Houston      [1st Dist.] Sept. 27, 2012, no pet.) (holding that potential claims against a third-party licensor justified pre-suit deposition of the immune university hospital); *Houston v. U.S. Filter Wastewater Group, Inc.*, 190 S.W.3d 242, 244 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (holding that a third-party claim against a bidding competitor was sufficient for pre-suit depositions of immune city employees).

the Rule's intent to permit investigation of potential claims.[5] Texas courts have held that a person may petition the court and be granted an order authorizing the taking of a deposition of governmental entities on oral examination or written questions either to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit, or to investigate a potential claim or suit.[6]

In *Combs*, the State Defendants asserted the trial court erred in denying their plea to the jurisdiction and granting plaintiff's Rule 202 petition because petitions to investigate potential claims under the rule are protected by immunity irrespective of potential claims or against whom they may be asserted.[7]  As here, the plaintiffs in *Combs* did not suggest that Rule 202 operates as a waiver of sovereign immunity, but that it does not implicate such immunity because it is merely a pre-suit discovery tool.

In *Combs*, the Court determined that although Rule 202 proceedings have characteristics of "suits", the petitions assert no substantive claim or cause of action for which relief can be granted. The proceedings simply grant a right to

---

[5]  *Filter*, 190 S.W.3d at 245.

[6] *Combs v. Tex. Civil Rights Project*, 410 S.W.3d 529, 534 (Tex. App.—Austin 2013, no pet); *Houston v. U.S. Filter Wastewater Group, Inc.*, 190 S.W.3d 242, 244 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

[7] *Id.*

obtain discovery that may lead to a claim or cause of action against an immunity-free third party.[8] The proceeding is not a separate lawsuit but is incident to and in anticipation of a suit. [9] The Court concluded that pre-suit depositions of governmental entities are not barred by immunity.[10]

In the present case, after hearing the arguments of counsel and considering the pleadings on file, the trial correctly granted Appellee's request to take the depositions of the key CCISD personnel to discover other third parties that may be liable, on the basis that Appellee satisfied the requirements of Rule 202. As it is consistent with principles and holdings well-documented in Texas jurisprudence, it cannot be said that the trial court's ruling was so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or that it clearly failed to correctly analyze or apply the law; thus abusing its discretion. While Appellants argue the Court erred in not ruling in their favor, they do not argue the Court abused its discretion, thereby failing to meet the burden required to reverse the order.

---

[8] *Id.*

[9] *Office Employees Int'l Union Local 277 v. Southwestern Drug Corp.,* 391 S.W.2d 404, 406 (Tex.1965). Accordingly, the cases, as well as the legal standards, contained in Appellant's Brief are inapplicable to the Court's analysis here. Appellants cannot utilize the pleading requirements applicable to a plea to the jurisdiction based on immunity, as Appellees have not alleged any causes of action against Appellants sufficient to invoke those pleading requirements. Appellees need only satisfy the standards applicable to a petition under Rule 202. Appellants would have this Court hold that Appellants may plead immunity in order to circumvent the long standing public policy in allowing depositions to proceed under Rule 202 to investigate potential claims when the benefit clearly outweighs the burden or expense of same. Patton Boggs, 394 S.W.3d at 570.

[10] *Combs,* 410 S.W.3d 529 (Tex. App.—Austin 2013, no pet).

**III.**   **The benefit of granting rule 202 depositions to seek justice for the preventable death of Appellee's child far outweighs the burden of appellants spending time in a deposition.**

A court may order pre-suit deposition to either (1) prevent a failure or delay of justice or (2) if the benefit to investigate a claim outweighs the burden or expense of the procedure.[11] The court must find one of the two for the order to stand.[12] Appellants argue that their burden in submitting to pre-suit depositions outweighs any benefit that Appellee may obtain. In their brief, Appellants exaggerate their purported burden by suggesting a considerable amount of funds meant to educate students would be lost, thus they have the heavier burden. [13] Appellants' argument have no merit as Appellee is seeking to learn the truth of the parties and circumstances surrounding her child's preventable death, which outweighs the burden of inconvenience and minimal cost to the deponents.

Appellants still fail to consider the other potential suits Appellee may have. With all of the information surrounding the circumstances of the child's death in the hands of the school district, the Court rightly approved pre-suit depositions

---

[11] Tex. R. Civ. Proc.  202.4(a)(1)(2).

[12] *In re Does*, 337 S.W.3d 862, 864 (Tex. 2011) (holding that an order for pre-suit deposition did not comply with Rule 202.4(a) by listing the required finding).

[13] *See* Appellants Brief, page 23.

under the Rule 202 requirement for either the pursuit of justice or consideration of the benefit and burden to the parties, or both.

Here, a grieving mother's benefit of discovering all the facts surrounding her son's death cannot reasonably be considered too burdensome to compel the school officials' testimony. The short-lived depositions pale in contrast to the lifelong pain Appellee will inevitably endure.

## CONCLUSION

Appellants failed to meet the required burden to demonstrate that the trial court abused its discretion in granting Appellee's order on her Rule 202 petition. Furthermore, the Appellee's benefit of discovering circumstances surrounding her child's death far outweighs the time school officials will spend answering pre-suit discovery.

Respectfully submitted,

LAW OFFICES OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Telephone: (361) 985-0600
Facsimile: (361) 985-0601


By: /s/Greggory A. Teeter
     Thomas J. Henry
     State Bar No. 09484210
     Gerggory A. Teeter
     State Bar No. 24033264
     Sherrie L. Williams

8

State Bar No. 24088650
ATTORNEYS FOR APPELLEE
JOSEPHINE LIMON

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing document has been forwarded to all counsel of record in the manner indicated below on the 31ST day of December, 2014:

***VIA E-SERVICE***
Philip Fraissinet
Bradley J. Domangue
Thompson & Horton, LLP
3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone: (713) 554-6743
Telecopy: (713) 583-9668
pfraissenet@thompsonhorton.com
Attorneys for the Respondents/Appellants

/s/Greggory A. Teeter
GREGGORY A. TEETER