# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00538-CV

**Susan Combs, Texas Comptroller of Public Accounts,
and the Office of the Comptroller of Public Accounts, Appellants**

**v.**

**The Texas Civil Rights Project and Sarah Canright, Appellees**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
NO. D-1-GN-11-001228, HONORABLE RHONDA HURLEY, JUDGE PRESIDING**

---

## O P I N I O N

This is an appeal from an order granting the Texas Civil Rights Project and Sarah Canright's (collectively, the Plaintiffs) petition to take pre-suit depositions and denying the appellants Susan Combs, Texas Comptroller of Public Accounts, and the Office of the Comptroller of Public Accounts's (collectively, the State Defendants) plea to the jurisdiction. *See* Tex. R. Civ. P. 202 (providing that person may petition court for order authorizing pre-suit deposition under certain circumstances). Because we conclude that the trial court did not have jurisdiction over the Plaintiffs' petition and pre-suit proceedings, we will vacate the trial court's order and dismiss the cause for want of jurisdiction.

## BACKGROUND

This dispute ultimately arises from an incident in which the Office of the Comptroller of Public Accounts (the Comptroller's Office) allegedly compromised the security of private electronic

information in its possession. In 2010, the Employees Retirement System, Teacher Retirement System, and the Texas Workforce Commission transferred to the Comptroller's Office personal information, including the addresses, social security numbers, and birth dates, of approximately 3.5 million Texans. Upon receiving the electronic information, the Comptroller's Office left the information on a computer server accessible to the public. The error was discovered on March 31, 2011, and the data was removed from the publicly accessible server.

On April 26, 2011, the Plaintiffs filed a sworn petition for an order authorizing the taking of pre-suit depositions pursuant to rule 202 of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 202. Specifically, the Plaintiffs requested authorization to take the videotaped depositions of both Combs and a representative from the Comptroller's Office in order to investigate potential claims concerning the data-security incident. *See id*. R. 202.1(b).

In response, the State Defendants filed a plea to the jurisdiction, contending that the requested pre-suit depositions are barred by sovereign immunity. The State Defendants also filed an answer to the rule 202 petition, arguing that (1) the requested pre-suit depositions are not appropriate in this case and, alternatively, (2) the deposition of Combs, pre-suit or otherwise, is not appropriate because the Plaintiffs have failed to demonstrate that they meet the required standard for taking an apex deposition. After holding a hearing, the trial court entered an order denying the State Defendants' plea to the jurisdiction. In the same order, upon finding that the likely benefits of allowing the depositions outweigh the burden or expense of the procedure, the trial court also granted the Plaintiffs' petition for pre-suit depositions. *See id*. R. 202.4(a)(2). This appeal followed.

2

**DISCUSSION**

**Standard of review and applicable law**

Rule 202 permits pre-suit depositions in certain limited circumstances. Specifically, rule 202.1 provides that a person may petition the court for an order authorizing "the taking of a deposition on oral examination or written questions" for one of two reasons:

(a)  to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or

(b)  to investigate a potential claim or suit.

*Id*. R. 202.1(a), (b).

When, as in this case, the petition for pre-suit depositions is brought pursuant to subsection (b), the trial court must grant the petition if, but only if, it finds that the likely benefit of allowing the requested depositions outweighs the burden and expense of the procedure. *Id*. R. 202.4(a)(2). In addition, the trial court's order granting the request must contain any protections it finds necessary or appropriate to protect the witness or any person who may be affected by the procedure. *Id*. R. 202.4(b).

In three issues, the State Defendants contend that the trial court's order granting pre-suit depositions should be reversed and the Plaintiffs' rule 202 petition dismissed, or in the alternative, the trial court's order should be vacated and remanded. First, the State Defendants argue that the Plaintiffs' petition for pre-suit depositions under rule 202 is itself an independent suit for which sovereign immunity has not been waived, and thus the trial court erred in denying their plea to the jurisdiction. Second, the State Defendants argue that, even if the trial court had jurisdiction

3

to enter the rule 202 order, it abused its discretion in granting the Plaintiffs' petition because the Plaintiffs already had ample information about the data-security incident. Finally, the State Defendants contend that the Plaintiffs failed to satisfy the standard for taking an apex deposition of the Comptroller because they had not attempted to obtain the information first through less intrusive means.

In response, the Plaintiffs argue that proceedings under rule 202 are not barred by sovereign immunity and that the trial court did not abuse its discretion in ordering the depositions. According to the Plaintiffs, the trial court properly concluded that the likely benefits of allowing the Plaintiffs to take the depositions outweigh any burden or expense of the procedure, and therefore it was required to grant their petition. In addition, the Plaintiffs argue that, in any event, as a threshold matter this Court lacks jurisdiction to even review at this time the merits of the trial court's order granting their rule 202 petition because it is not a final, appealable judgment or order.

Subject-matter jurisdiction is essential to the authority of a court to decide a case. *Jack Jones Hearing Ctrs. v. State Comm. of Exam'rs in Fitting & Dispensing of Hearing Instruments*, 363 S.W.3d 911, 914 (Tex. App.—Austin 2012, no pet.) (citing *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444-45 (Tex. 1993)). Subject-matter jurisdiction is implicated in this case in two respects: (1) whether sovereign immunity deprived the trial court of subject-matter jurisdiction over the Plaintiffs' rule 202 petition and the resulting proceedings, *see Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004) ("[S]overeign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued . . . ."), and (2) whether this Court has jurisdiction on appeal over the trial

4

court's rule 202 order, i.e., whether the trial court's order is final and appealable, *see Ogletree v. Matthews*, 262 S.W.3d 316, 319 n.1 (Tex. 2007) (explaining that unless statute permits interlocutory appeal, "Texas appellate courts have jurisdiction only over final orders or judgments"); *Bahar v. Lyon Fin. Servs.*, 330 S.W.3d 379, 384 (Tex. App.—Austin 2010, pet. denied) ("Generally, appellate courts have jurisdiction only over appeals from 'final judgments' and certain appealable interlocutory orders."). Because it potentially requires dismissal of this entire case, we first consider the State Defendants' argument that the trial court erred in denying its plea to the jurisdiction because the court lacked subject-matter jurisdiction over the rule 202 proceedings.[1]

**The trial court's jurisdiction over the rule 202 proceedings**

A party may challenge a trial court's subject-matter jurisdiction by asserting a plea to the jurisdiction. *See Miranda*, 133 S.W.3d at 225-26. To determine whether a plaintiff has affirmatively demonstrated the trial court's subject-matter jurisdiction to hear a case, we consider the facts alleged in the petition along with any evidence submitted by the parties, to the extent such evidence is relevant to the jurisdictional issue. *See Texas Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001). We construe the pleadings in the plaintiff's favor, taking

---

[1] If we were to determine that the trial court's order is not final and appealable, we could still consider, as a separate matter, the State Defendants' interlocutory appeal of the trial court's denial of their plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8) (permitting appeal of interlocutory order that grants or denies plea to the jurisdiction by governmental unit). On the other hand, if we were to determine that the trial court erred in denying the State Defendants' plea to the jurisdiction, we could not consider the merits of the trial court's order granting the Plaintiffs' petition under rule 202, even if the order were otherwise final and appealable. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012) (explaining that if governmental entity validly asserts that it is immune from pending claim then "any court decision regarding that claim is advisory to the extent it addresses issues other than immunity").

all factual assertions as true and looking to the plaintiff's intent. *Miranda*, 133 S.W.3d at 226-27. If the pleadings do not allege facts sufficient to affirmatively demonstrate jurisdiction, but do not affirmatively negate jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be afforded an opportunity to amend. *Id*. On the other hand, if the pleadings affirmatively negate jurisdiction, then the plea to the jurisdiction should be granted. *Id*.

Under the common-law doctrine of sovereign immunity, the State and its agencies cannot be sued, absent an express waiver. *Id.* at 224. Texas courts defer to the legislature to waive immunity from suit because this allows the legislature to protect its policymaking function. *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 854 (Tex. 2002). Any waiver of immunity must be expressed by clear and unambiguous language. Tex. Gov't Code § 311.034. Sovereign immunity deprives a trial court of subject-matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 225-27. Whether a trial court has subject-matter jurisdiction is a matter of law that we review de novo. *Id*. at 226.

In this case, the State Defendants assert that the trial court erred in denying their plea to the jurisdiction and granting the Plaintiffs' rule 202 petition because petitions to investigate potential claims under subsection (b) of rule 202.1 are suits that are barred by sovereign immunity. Specifically, the State Defendants argue that depositions of governmental officials under subsection (b) are "suits" against the State for which immunity from suit has not been waived and therefore are barred, regardless of what the potential substantive claim is or against whom it might be asserted. Further, the State Defendants assert that a petition under rule 202 is a "suit" because it is an action that seeks to compel the State to take some action it would otherwise not take—the giving

6

of deposition testimony—and therefore sovereign immunity necessarily applies to all rule 202 proceedings against the State.

In response, the Plaintiffs do not contend that rule 202 itself or any other legislation operates as a waiver of sovereign immunity with respect to rule 202 proceedings. Rather, the Plaintiffs assert that rule 202 does not implicate sovereign immunity because it is merely a pre-suit discovery tool. According to the Plaintiffs, the purpose of the requested pre-suit depositions in this case is to investigate potential claims that would not be barred by sovereign immunity, and therefore, the rule 202 proceedings are not barred by sovereign immunity.

To determine whether the State Defendants have immunity from suit with regard to the rule 202 proceedings in this case, we first consider whether rule 202 proceedings generally are "suits." An order under rule 202, at least in certain circumstances, operates as a final, appealable order, immediately subject to appellate review. *See In re Jorden*, 249 S.W.3d 416, 419 (Tex. 2008) (orig. proceeding); *cf. Ross Stores, Inc. v. Redken Labs., Inc.*, 810 S.W.2d 741, 742 (Tex. 1991) (noting that under predecessor rule to 202(b), order was final and appealable when "against third parties against whom suits are not contemplated . . . acting as mandatory injunctions against the discovery defendant"). Thus, in at least those limited cases, a rule 202 proceeding seems to have characteristics of a "suit," in that its result is subject to appellate review. Nevertheless, a petition under rule 202 is ultimately a petition that asserts no substantive claim or cause of action upon which relief can be granted. A successful rule 202 petitioner simply acquires the right to obtain discovery—discovery that may or may not lead to a claim or cause of action. In addition, rule 202, like all the rules of civil procedure, was fashioned by the Texas Supreme Court as a means of "obtain[ing] a just, fair, equitable and impartial adjudication of the rights of litigants under established

7

principles of substantive law." *City of Dallas v. Dallas Black Fire Fighters Ass'n*, 353 S.W.3d 547, 554 (Tex. App.—Dallas 2011, no pet.) (citing Tex. R. Civ. P. 1). Consequently, a proceeding under rule 202 "is not a separate independent lawsuit, but is in aid of and incident to an anticipated suit." *See Lee v. GST Transp. Sys., LP*, 334 S.W.3d 16, 19 (Tex. App.—Dallas 2008, pet. denied); *see also Patton Boggs LLP v. Moseley*, 394 S.W.3d 565, 571 (Tex. App.—Dallas 2011, no pet.) (concluding that trial court had no jurisdiction to grant motion to compel arbitration filed in rule 202 proceeding). We cannot agree that a rule 202 petition is itself a "suit," nor can we agree that all rule 202 proceedings involving governmental entities are "suits" that seek to control state action, as the State Defendants contend. Consequently, we conclude that pre-suit depositions of governmental entities under rule 202 are not, in wholesale, barred by immunity.[2]

However, this conclusion does not mean that sovereign immunity does not afford a governmental entity any protection from rule 202 depositions. Rule 202 was not intended as a means

---

[2] Although the State Defendants do not cite any cases holding that all rule 202 proceedings are, in and of themselves, "suits" to which sovereign immunity applies, they cite two federal cases for the proposition that proceedings under rule 202 are "civil actions" for purposes of removal under 28 U.S.C. § 1441. *See In re Texas*, 110 F. Supp. 2d 514, 521-22 (E.D. Tex. 2000), *rev'd on other grounds sub nom. Texas v. Real Parties in Interest*, 259 F.3d 387 (5th Cir. 2001); *Page v. Liberty Life Assurance Co.*, No. 4:06-CV-572-A, 2006 WL 2828820, at *3 (N.D. Tex. Oct. 3, 2006). Although we express no opinion on whether rule 202 proceedings are "civil actions" for purposes of removal, we note that the majority of Texas federal courts have, in fact, held that rule 202 proceedings are not removable. *See, e.g.*, *McCrary v. Kansas City S.R.R.*, 121 F. Supp. 2d 566, 569 (E.D. Tex. 2000) (concluding that a rule 202 proceeding is not a civil action because "it asserts no claim or cause of action upon which relief can be granted)*; Mayfield-George v. Texas Rehab. Comm'n*, 197 F.R.D. 280, 283-84 (N.D. Tex. 2000) (concluding that rule 202 proceeding was not a "civil action" because "it asserts no claim or cause of action upon which relief may be granted" and that "[i]t is merely a petition for an order authorizing the taking of a deposition")*; Sawyer v. E.I. du Pont de Nemours & Co.*, No. 06-1420, 2006 WL 1804614, at *2 (S.D. Tex. June 28, 2006) (noting that "a Texas Rule 202 proceeding ordinarily is not a removable 'civil action'" and that a rule 202 petition "is simply a request for discovery that may or may not eventually lead to federal claims"); *Davidson v. Southern Farm Bureau Cas. Ins. Co.*, No. H-05-03607, 2006 WL 1716075, at *2, *4 (S.D. Tex. June 19, 2006) (holding that rule 202 petition is not "civil action"). Our decision is consistent with these courts' characterizations of rule 202 proceedings.

of obtaining otherwise unobtainable discovery. *See In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (orig. proceeding) (noting that petitioner "cannot obtain by Rule 202 what it would be denied in the anticipated action"). In fact, rule 202 expressly limits the scope of discovery in depositions "the same as if the anticipated suit or potential claim had been filed." *Id.* (citing Tex. R. Civ. P. 202.5). Recognizing this limitation, the Texas Supreme Court in *In re Wolfe* held that a trial court abused its discretion in allowing a plaintiff to take the pre-suit deposition of a county official in order to investigate potential removal claims when the plaintiff ultimately would have no standing to assert the claims. *Id*. Similarly here, we recognize that, while pre-suit depositions under rule 202 are not necessarily barred by sovereign immunity, governmental entities are protected from pre-suit depositions to the same extent they would be protected from the same depositions in the contemplated suit underlying the proceedings. *See City of Dallas*, 353 S.W.3d at 554 ("[I]n determining jurisdiction [over rule 202 proceedings], we look to the substantive law respecting the anticipated suit."); *see also City of Willow Park v. Squaw Creek Downs, L.P.*, 166 S.W.3d 336, 340-41 (Tex. App.—Fort Worth 2005, no pet.) (concluding trial court had jurisdiction over rule 202 petition to investigate billing dispute and validity of lien because trial court would have jurisdiction over any trespass to try title suit arising from lien). Accordingly, we conclude that rule 202 depositions may not be used solely to investigate potential claims that are otherwise barred by sovereign immunity. *See City of Houston v. U.S. Filter Wastewater Grp., Inc.*, 190 S.W.3d 242, 245 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (concluding that "a portion of the claim under investigation . . . [was] under the jurisdiction of the state district court" when rule 202 petitioner potentially sought deposition testimony from City to investigate conspiracy claims against private

9

party, and thus trial court did not err in denying City's plea to the jurisdiction); *cf. City of Dallas*, 353 S.W.3d at 553 (holding that rule 202 petition failed to sufficiently demonstrate potential claim under local government code section 147.007, which operates as waiver of immunity).

In this case, the Plaintiffs argue that the requested pre-suit depositions are not barred because the Plaintiffs are seeking to depose the State Defendants in order to investigate potential claims that are not barred by sovereign immunity. Specifically, the Plaintiffs argue that the purpose of the depositions is primarily to investigate (1) ultra vires claims against Combs in her official capacity and (2) claims they may have against third parties. To determine the purpose of the Plaintiffs' request for depositions in this case, we look to the reasons stated in the Plaintiffs' rule 202 petition. *See* Tex. R. Civ. P. 202.2(g) (requiring that petitioner state "reasons for desiring to obtain the testimony of each [deponent]"). Similarly, to determine if the trial court has jurisdiction over the rule 202 proceedings, we start by reviewing the Plaintiffs' petition. *See Creedmoor-Maha Water Supply Corp. v. Texas Comm'n on Envtl. Quality*, 307 S.W.3d 505, 512 (Tex. App.—Austin 2010, no pet.) ("The plaintiff has the initial burden of alleging facts that affirmatively demonstrate the trial court's jurisdiction to hear the cause.").

Strict application of general jurisdictional pleading requirements in determining whether a plaintiff has affirmatively demonstrated a trial court's jurisdiction over a rule 202 petition, however, is problematic. First, "[r]ule 202 does not require a petitioner to plead a specific cause of action; instead, it requires only that the petitioner 'state the subject matter of the anticipated action, if any, and the petitioner's interest therein[.]'" *U.S. Filter Wastewater Grp.*, 190 S.W.3d at 245 n.2 (quoting Tex. R. Civ. P. 202.2(e)). Thus, the pleading requirements of rule 202, on their face,

10

are less stringent than those normally required to demonstrate a trial court's jurisdiction. More importantly, as a practical matter, a party filing a rule 202 petition will often not know enough facts or have enough information to allege facts that, if true, would establish the trial court's jurisdiction. If a party could sufficiently plead these factual allegations without violating rule 13, it is likely that the party could not demonstrate a need for the rule 202 deposition at all. *See In re Emergency Consultants, Inc.*, 292 S.W.3d 78, 79 (Tex. App.—Houston [14th Dist.] 2007, orig. proceeding) (noting that requiring rule 202 plaintiff to plead viable claim "would eviscerate the investigatory purpose of Rule 202 and essentially require one to file suit before determining whether a claim exists" and would place "counsel in a quandary, considering counsel's ethical duty of candor to the court and the requirements of [rule 13]"); *see also* Tex. R. Civ. P. 13 (authorizing sanction against attorney or party who files pleading that is groundless and brought in bad faith or groundless and brought for purpose of harassment).

Considering general jurisdictional pleading requirements and their purpose together with the investigative purpose of pre-suit depositions under rule 202, we determine that a rule 202 petition may often have to plead more than the minimum required by rule 202 in order to affirmatively demonstrate the trial court's subject-matter jurisdiction over the proceedings. When discovery from a governmental entity is sought under rule 202, the petition must also set forth specific facts demonstrating that, at least potentially, the petitioner has been injured by actions that would amount to a claim which would not be barred by sovereign immunity. *Cf. City of Dallas*, 353 S.W.3d at 557-58 (concluding that rule 202 petition must "be sufficiently specific to demonstrate the [petitioners] were potentially 'aggrieved' under the Agreement" in order to demonstrate waiver of immunity under local government code).

11

Here, the Plaintiffs assert in their rule 202 petition that they need to take the depositions of the State Defendants in order "to investigate potential claims for violations of the Texas Constitution, Texas statutes, and Texas state agency rules and regulations." The Plaintiffs have pleaded that Combs and the Comptroller's Office have violated Texas law. Specifically, the Plaintiffs have pleaded that Combs and her Office have potentially violated the Texas Government Code, sections 821.010 and 552.352, and article I, section 9 of the Texas Constitution. Tex. Const. art. I, § 9 (searches and seizures); Tex. Gov't Code § 821.010 (providing that information provided by teacher retirement system to comptroller regarding retirees is "confidential and may not be disclosed to the public"), § 552.352 (providing that distribution of information considered confidential under public information act "constitutes official misconduct"). Further, they assert that the Comptroller's Office "made publicly available the personal information of approximately 3.5 million Texans" and that "Combs has failed and refused to take responsibility by resigning from office." The Plaintiffs have also pleaded facts concerning the security-breach incident that they seek to investigate. For instance, the Plaintiffs allege that in 2010 several state agencies, including the Teacher Retirement System of Texas and the Texas Workforce Commission, transferred electronic records of millions of employees and retirees into the Comptroller's system and that, for reasons not entirely clear, the information was unsecured and accessible by the public for more than a year. The Plaintiffs state that they seek to uncover "the truth concerning how this illegal and unconstitutional invasion occurred; who was responsible; what laws, rules, and regulations were violated; what the resulting costs, expenses, and damages will be for our State and for the individual victims, and who will pay those amounts; and what measures must be implemented to prevent Comptroller Combs and her Office from similarly violating the rights of millions of Texans in the future."

12

A suit seeking to compel a governmental official "to comply with statutory or constitutional provisions" is an ultra vires suit and therefore is not protected by sovereign immunity. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). Suits alleging "ultra vires" or unconstitutional conduct by a governmental official are not barred by sovereign immunity because they "do not seek to alter government policy but rather to enforce existing policy." *Id*. Further, because these suits are not considered to be suits against the state, they must be brought against the state actors in their official capacity. *Id*. at 373. To assert a valid ultra vires claim, the plaintiff must allege, and ultimately prove, that the official acted without legal authority or failed to perform a purely ministerial act. *Creedmoor-Maha Water Supply Corp.*, 307 S.W.3d at 515. The ultra vires exception to sovereign immunity permits only prospective declaratory or injunctive relief restraining ultra vires conduct, as opposed to retroactive relief. *Heinrich*, 284 S.W.3d at 374-77.

Upon review of the Plaintiffs' petition, we determine that it (1) complies with the pleading requirements of subsection (e) of rule 202, and (2) sufficiently alleges actions that, if true, at least potentially demonstrate ultra vires conduct committed by Combs in her official capacity. *See Creedmoor-Maha Water Supply Corp.*, 307 S.W.3d at 516 (explaining that in reviewing jurisdiction based on ultra vires claims, reviewing court should determine whether facts pled and not negated would constitute violations of relevant constitutional provisions or exceed authority under relevant statutory provisions). Specifically, the Plaintiffs' rule 202 petition sufficiently alleges that Combs, in her official capacity, disclosed personal information without statutory authority and in violation of the Texas Constitution.

Nevertheless, because the Plaintiffs have failed to sufficiently allege facts demonstrating that any relief sought would not be barred by sovereign immunity, we cannot conclude

13

that the purpose of the depositions of the State Defendants, even in part, is to investigate a potential ultra vires claim over which the trial court would have jurisdiction.[3] The alleged ultra vires conduct at issue in this case is the disclosure of personal information without legal authority, and the Plaintiffs' rule 202 petition focuses on the Plaintiffs' purported need to investigate actions committed in the past in order to prevent another incident from occurring in the future. However, any declaration as to whether Combs's past conduct exceeded her legal authority is purely retrospective in nature and therefore could not constitute valid ultra vires relief. *See City of Arlington v. Randall*, 301 S.W.3d 896, 907 (Tex. App.—Fort Worth 2009, pet. denied) (concluding that injunction seeking to impose affirmative duty based on past alleged actionable wrong was insufficient to give rise to ultra vires claim based on constitutional violation); *see also Hailey v. Glaser*, No. 06-12-00065-CV, 2012 WL 5872869, at *11 (Tex. App.—Texarkana Nov. 21, 2012, no pet.) (mem. op.) (concluding that complaints about past acts were not claims for prospective declaratory relief).

Similarly, the Plaintiffs' allegations do not support the existence of any potential claim for prospective injunctive relief. The Plaintiffs' own allegations suggest that any disclosure of information by Combs, while unauthorized, was also unintentional. The Plaintiffs have not alleged any facts suggesting that Combs has taken the position that the disclosure was legally authorized or that she is likely to take that position in the future. To the contrary, the undisputed evidence submitted by the State Defendants establishes that Combs has recognized that the disclosure should

---

[3] The Plaintiffs have also asserted on appeal that they are investigating "claims they may have against third-parties." However, none of the factual allegations presented in the Plaintiffs' rule 202 petition support the conclusion that this is the purpose of the depositions, in whole or in part.

not have occurred and that her Office has undertaken efforts both to remediate the effects of the disclosure incident and to ensure that no similar security breach will occur in the future.[4] These efforts included securing the data, making employment decisions with regard to responsible employees, and providing information to the news media and the general public.

Injunctive relief is "not available to prevent commission of wrongs not imminently threatened" or to require general compliance with the law. *Hailey*, 2012 WL 5872869, at *11. To the extent there is any future conduct to restrain, any prospective relief sought by the Plaintiffs would necessarily be aimed at directing the Comptroller's future actions and policies with respect to the manner in which she carries out her statutory authority and ensures compliance with any obligation to refrain from disclosing personal information. Such relief is beyond the scope of the ultra vires exception to sovereign immunity. *See Texas Logos, L.P. v. Texas Dep't of Transp.*, 241 S.W.3d 105, 118 (Tex. App.—Austin 2007, no pet.) ("A suit seeks to control state action when the judgment would effectively direct or control a governmental official in the exercise of his or her discretionary statutory authority.").

The allegations presented by the Plaintiffs in their rule 202 petition, together with the evidence presented by the State Defendants, affirmatively negate the possibility of any potential prospective relief for ultra vires acts in this case. As a result, we cannot conclude that the

---

[4] For example, the State Defendants submitted evidence to the trial court of e-mail and correspondence among employees from the Comptroller's Office regarding new information technology standards, guidelines for data storage, and security measures to be taken following the disclosure incident. The State Defendants also submitted evidence of press releases, news articles, and other public statements made by Combs in which she acknowledges responsibility for the disclosure.

15

Plaintiffs are seeking the pre-suit depositions of the State Defendants for purposes of investigating a potential claim over which the trial court would have jurisdiction, and we see no way in which the Plaintiffs could cure this defect in jurisdiction through repleading. *See Miranda*, 133 S.W.3d at 226. Accordingly, we hold that the trial court did not have subject-matter jurisdiction over the rule 202 proceedings and sustain the State Defendants' first issue on appeal.

## CONCLUSION

Because the trial court erred in denying the State Defendants' plea to the jurisdiction, we vacate the trial court's order and render judgment dismissing the cause for want of subject-matter jurisdiction.

_____

Scott K. Field, Justice

Before Chief Justices Jones, Justices Goodwin and Field
  Concurring Opinion by Justice Goodwin
  Dissenting Opinion by Chief Justice Jones

Vacated and Dismissed for Want of Jurisdiction

Filed:   August 29, 2013

16