ACCEPTED
13-14-00481-CV
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
1/23/2015 5:39:15 PM
DORIAN RAMIREZ
CLERK

**No. 13-14-000481-CV**

**IN THE THIRTEENTH COURT OF APPEALS**
**CORPUS CHRISTI, TEXAS**

FILED IN
13TH COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
1/23/2015 5:39:15 PM
DORIAN E. RAMIREZ
Clerk

**BRETT WILLIAM BOSTIAN, LYNDA ANN DE LEON, RYAN
ELIZONDO, AND DOYNE SCOTT ELLIFF,
CORPUS CHRISTI INDEPENDENT SCHOOL
DISTRICT EMPLOYEES,**

*Appellants*

**v.**

**JOSEPHINE LIMON,**

*Appellee*

On Appeal from Nueces County Court of Law No. 4, Nueces County, Texas
Cause Number 2013CCV-61773-4

**REPLY BRIEF OF APPELLEE'S RESPONSE BRIEF TO APPELLANTS
BRETT WILLIAM BOSTIAN, LYNDA ANN
DE LEON, RYAN ELIZONDO, AND DOYNE SCOTT ELLIFF**

Philip Fraissinet
State Bar No. 00793749
Bradley J. Domangue
State Bar No. 24065156

Thompson & Horton LLP
3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone: (713) 554-6743
Telecopy: (713) 583-9668
pfraissinet@thompsonhorton.com

**ATTORNEYS FOR APPELLANTS**

# TABLE OF CONTENTS

**Page(s)**

TABLE OF CONTENTS ........................................................................... ii

TABLE OF AUTHORITIES ...................................................................... iii

I.     Standard of Review ....................................................................... 1-4

     A.   A ruling regarding Rule 202 depositions is reviewed
        de novo when it involves the immune status of a party
        raised in a plea to the jurisdiction .......................................... 1-3

     B.  Limon relies on an incorrect discretionary review standard ................. 3-4

II.    The trial court failed to properly consider immunity
    issues in granting the Rule 202 Depositions ................................. 5-11

     A.  Contrary to Limon's contention, a party's assertion
        of immunity is very much relevant to whether a trial court
        has jurisdiction to order Rule 202 depositions ...................................... 5-9

     B.  Cases relied on by Limon support immunity
        protections under Rule 202 proceedings ............................................. 9-11

III.   Limon did not carry her burden to demonstrate that
    Rule 202 depositions are necessary ........................................... 11-15

PRAYER ........................................................................................16

CERTIFICATE OF SERVICE .........................................................................17

CERTIFICATE OF COMPLIANCE .......................................................................1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*City of Dallas v. Dallas Black Fire Fighters Ass'n*,
353 S.W.3d 547 (Tex. App. 2011, no pet.)................................................1, 2, 3, 8

*City of Houston v. U.S. Filter Wastewater Group, Inc.*,
190 S.W. 3d 242 (Tex. App. – Houston [1st Dist.] 2006)..........................2, 9, 10

*Cnty. of Cameron v. Brown*,
80 S.W.3d 549 (Tex. 2002)...........................................................................2

*Combs v. Texas Civil Rights Project*,
410 S.W.3d 529 (Tex. App. – Austin 2013, rev. denied)...........................*passim*

*In re East*,
No. 13-14-00317-CV, 2014 WL 4248018 (Tex.App. – Corpus
Christi, August 22, 2014)...........................................................................12, 14

*In re Jorden*,
249 S.W. 3d 416 (Tex. 2008) .....................................................................12

*M.D. Anderson Cancer Center v. Tcholakian*,
No. 01—11—00754—CV 2012 WL 4465349 (Tex. App. –
Houston [1st Dist.] Sept. 27, 2012, no pet.) ..............................................2, 9, 10

*Mission Consolidated Indep. Sch. Dist. v. Garcia*,
253 S.W.3d 653 (Tex. 2008) ......................................................................15

*Office Employees International Union Local 277 v. Southwestern
Drug Corporation*,
391 S.W. 2d 404 (Tex. 1965) .....................................................................3

*Patton Boggs LLP v. Mosely*,
394 S.W.3d 565 (Tex. App. – Dallas, 2011) ..............................................3, 4, 12

*Prairie View A&M Univ. v. Chatha*,
381 S.W.3d 500 (Tex. 2012) ......................................................................15

*In re Reassure America Life Ins. Co.*,
   421 S.W. 3d 165 (Tex. App. – Corpus Christi, 2013)..........................................12

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.*,
   852 S.W.2d 440 (Tex. 1993) ....................................................................................3

*Tex. Dep't of Transp. v. Jones*,
   8 S.W.3d 636 (Tex. 1999).........................................................................................3

*Tex. Dept. of Parks & Wildlife v. Miranda*,
   133 S.W.3d 217 (Tex. 2004) .....................................................................................2

*Tex. Natural Res. Conservation Comm'n v. IT—Davy*,
   74 S.W.3d 849 (Tex. 2002).......................................................................................2

*Walker v. Packer*,
   827 S.W. 2d 833 (Tex. 1992) ....................................................................................4

*In re Wolfe*,
   341 S.W.3d 932...........................................................................................................12

**Statutes**

TEX. GOV'T CODE § 552.001, et seq. ......................................................................15

TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 ............................................7, 10, 12

TEX. CIV. PRAC. & REM. CODE, § 101.051 .................................................................8

TEX. CIV. PRAC. & REM. CODE, § 51.014 ..............................................................1, 4

TEX. R. CIV. P. 202....................................................................................*passim*

TEX. R. APP. P. 9.4 ...................................................................................................17

# ARGUMENT

## I.  Standard of Review

### A.  A ruling regarding Rule 202 depositions is reviewed de novo when it involves the immune status of a party raised in a plea to the jurisdiction

This is an interlocutory appeal of the trial court's denial of the CCISD Employees' Plea to the Jurisdiction under Section 51.014 of the Texas Civil Practice and Remedies Code.  Although the trial court granted the Rule 202 depositions sought by Limon, the granting of the depositions was possible only because the trial court denied the CCISD Employees' Plea to the Jurisdiction. (CR p.58)[1]

Appellate courts reviewing pleas to the jurisdiction related to the granting or denial of Rule 202 petitions consistently apply a de novo standard of review. *See, e.g.*, *Combs v. Texas Civil Rights Project*, 410 S.W.3d 529, 533 (Tex. App. – Austin 2013, rev. denied) (appellate court, in interlocutory appeal regarding the granting of Rule 202 depositions stated, "Whether a trial court has subject-matter jurisdiction is a matter of law we review de novo"); *City of Dallas v. Dallas Black Fire Fighters Ass'n*, 353 S.W.3d 547, 551 (Tex. App. 2011, no pet.)(another appellate court, similarly reviewing the granting of a Rule 202 petition in an interlocutory appeal involving an immunity defense also stated, "Whether a trial

---

[1] "CR" shall be used to refer to the Clerk's Record in this case, and "RR" shall be used to refer to the Reporter's Record in this case.

1

court has subject matter jurisdiction is a matter of law that is reviewed de novo"). A de novo review was applied in the very cases cited in Limon's brief that involved a party's immunity claim raised in a plea to the jurisdiction. *See M.D. Anderson Cancer Center v. Tcholakian*, No. 01—11—00754—CV 2012 WL 4465349, * 2 (Tex. App. – Houston [1st Dist.] Sept. 27, 2012, no pet.)("Because subject-matter jurisdiction represents a legal question, we review the trial court's ruling on a plea to the jurisdiction de novo"); *City of Houston v. U.S. Filter Wastewater Group, Inc.*, 190 S.W. 3d 242, 244-45 (Tex. App. – Houston [1st Dist.] 2006) (reviewed trial court's decision of a plea to the jurisdiction of a Rule 202 petition under de novo standard of review).

As such, it is well established that when a lower court denies a respondent's plea to the jurisdiction as part of its ruling on a Rule 202 petition, the reviewing principles are the same as those generally applicable to jurisdictional pleas. Whether the trial court has subject matter jurisdiction is a matter of law that is reviewed de novo by the appellate court. *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226, 228 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT—Davy,* 74 S.W.3d 849, 855 (Tex. 2002); *City of Dallas*, 353 S.W.3d at 551. In reviewing the issue de novo, the appellate court does not look to the merits of the case, but considers only the pleadings and evidence relevant to the jurisdictional inquiry. *See Miranda,* 133 S.W.3d at 227; *Cnty. of Cameron v.*

2

*Brown,* 80 S.W.3d 549, 555 (Tex. 2002); *see also City of Dallas,* 353 S.W.3d at 551.

Moreover, the plaintiff (or in this case, the petitioner) has the burden of alleging facts that ***affirmatively demonstrate the court's jurisdiction to hear the cause****. Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). If a plaintiff fails to plead a cause of action for which immunity has been waived, the court has no jurisdiction. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 637 (Tex. 1999).

### B. Limon relies on an incorrect discretionary review standard

Limon argues that the standard of review is an "abuse of discretion" standard. *See* "Reply Brief of Appellee Josephine Limon" at p.3. However, the "abuse of discretion" standard applies to <u>mandamus</u> relief regarding a trial court's Rule 202 ruling that does not involve a jurisdictional issue. The cases cited by Limon in support of her contention involve private, non-immune parties seeking or contesting Rule 202 decisions against other private entities and do not involve governmental entities, claims of immunity, or pleas to the jurisdiction. *See, e.g., Office Employees International Union Local 277 v. Southwestern Drug Corporation,* 391 S.W. 2d 404 (Tex. 1965)(Union seeks Rule 202 depositions of private corporation; Supreme Court rules that it does not have jurisdiction to hear the case because the order of the trial court is not appealable.); *Patton Boggs LLP*

3

*v. Mosely*, 394 S.W.3d 565 (Tex. App. – Dallas, 2011)(Former employee seeks Rule 202 depositions from former employer, a law firm; court grants writ of mandamus and denies Rule 202 depositions because the former employee did not provide enough evidence and the trial court abused its discretion).

Cases cited by Limon specifically state that mandamus is only appropriate when no other remedy is available through the appellate process. *Walker v. Packer*, 827 S.W. 2d 833 (Tex. 1992) (Parents seek Rule 202 depositions from private hospital; court denies parents' writ of mandamus because an available appellate procedure is available); *Patton Boggs LLP*, 394 S.W.3d at 569 (Writ of Mandamus is appropriate if the relator has no adequate appellate remedy).

In the case before this Court, the CCISD Employees are expressly appealing the lower court's denial of a plea to the jurisdiction, and under § 51.014 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, an interlocutory appeal is appropriate when a county or district court has denied a party's plea to the jurisdiction. ("A person may appeal from an interlocutory order of a district court, county court at law, statutory probate court, or county court that . . . grants or denies a plea to the jurisdiction by a governmental unit."). Because the CCISD Employees have exercised their right to a direct interlocutory appeal, mandamus relief is not at issue. As such, a de novo rather than discretionary review standard is appropriate.

4

**II.    The trial court failed to properly consider immunity issues in granting the Rule 202 Depositions**

   **A.    Contrary to Limon's contention, a party's assertion of immunity is very much relevant to whether a trial court has jurisdiction to order Rule 202 depositions**

Limon states that "Appellants' claims of immunity are irrelevant to the trial court's analysis" concerning the propriety of Rule 202 depositions. *See* "Reply Brief of Appellee Josephine Limon" at p.3. This assertion, fundamental to Limon's arguments, flies directly in the face of cases cited by *both* the CCISD Employees and Limon herself. Those cases consistently hold that governmental immunity applies to Rule 202 proceedings unless the subject matter presented in the Rule 202 petition would support claims that are not barred by immunity. *See, e.g., Combs*, 413 S.W.3d at 537 ("Nevertheless, because the Plaintiffs have failed to sufficiently allege facts demonstrating that any relief sought would not be barred by sovereign immunity, we cannot conclude that the purpose of the depositions of the State Defendants, even in part, is to investigate a potential ultra vires claim over which the trial court would have jurisdiction.") Without affirmatively pleading elements showing a trial court has jurisdiction over Rule 202 proceedings involving a governmental entity and its officials, the trial court does not have the ability to consider the proceedings because it is outside the trial court's jurisdiction. *Id.*

5

In *Combs*, petitioners sought to take Rule 202 depositions of the Texas Comptroller and another state official concerning an alleged breach of security regarding private information held by the Comptroller's office. *Combs*, 410 S.W. 3d at 531. As in this case, the trial court denied the Comptroller's assertion of immunity and granted the petition. *Id.* The Comptroller, like the CCISD Employees, filed an interlocutory appeal concerning the denial of their plea to the jurisdiction. *Id.* The Austin Court of Appeals overturned the trial court's order because the petitioners failed to identify any claims, evidence or parties that would overcome the Comptroller's assertion of immunity. *Id.* at 539. In so ruling, the court made clear that "when discovery from a governmental entity is sought under rule 202, the petition must also set forth specific facts demonstrating that, at least potentially, the petitioner has been injured by actions that would amount to a claim which would not be barred by sovereign immunity." *Id.* at 536. *Combs*, as well as other rule 202 cases that turn on the immunity of a governmental entity, undercut Limon's claim that the immunity status of CCISD and its employees is irrelevant to this case.

Limon seems to misread *Combs* when she asserts in her brief that the *Combs* court "concluded that pre-suit depositions of governmental entities are not barred by immunity." *See* "Reply Brief of Appellee Josephine Limon" at p.6. What the court in *Combs* actually says is that a Rule 202 petition is not *necessarily* barred by

6

governmental immunity *if* the petition alleges facts or identifies parties that would survive a plea to the jurisdiction. *Id.* at 536. ("[W]e recognize that, while pre-suit depositions under rule 202 are not necessarily barred by sovereign immunity, governmental entities are protected from pre-suit depositions to the same extent they would be protected from the same depositions in the contemplated suit underlying the proceedings."). The *Combs* court then concluded that the petitioners had failed to identify any claims that could survive the Comptroller's assertion of immunity.

Similarly, Limon has wholly failed to identify any claims or parties that she could pursue that would not be barred by immunity. From a plain reading of her petition, it is evident that Limon's entire focus of potential liability is on CCISD or its employees. In fact, Limon explicitly stated in her petition that the reasons behind the Rule 202 depositions were because "***CCISD and its agents, servants, and employees*** may be liable to Plaintiff under § 101.021 *et seq*. of the TEXAS CIVIL PRACTICE & REMEDIES CODE because Cameron's injuries and death were proximately caused by a condition or use of tangible personal or real property and CCISD would be personally liable to Plaintiff under Texas Law, were it a private person." (CR p. 13)(emphasis added) The amended petition went on to allege Cameron's death was "proximately caused by the ***negligent conduct of Defendant CCISD.***" (CR p. 13)(emphasis added) The amended petition did not identify *any*

7

potential defendant or liable party *other than* CCISD and/or its agents, servants, and employees.

The CCISD Employees have repeatedly demonstrated that Section 101.051 of the Texas Civil Practices and Remedies Code (the "Texas Torts Claims Act"), which is a limited waiver of immunity "does not apply to a school district or to a junior college district," unless the incident involves the operation of a motor vehicle. TEX. CIV. PRAC. & REM. CODE, § 101.051; (CR pp. 34-35). The CCISD Employees also demonstrated that outside of the Texas Tort Claims Act, tort claims cannot be sought against a school district, or its government officials, specifically because of the District's governmental immunity. (CR pp. 34-38) Limon has not directly responded to these issues or corrected her failure to allege any feasible cause of action over which the trial court could have jurisdiction.

A plea to the jurisdiction is proper when the Rule 202 petition does not describe subject matter or raise claims that would overcome the political subdivision's governmental immunity protections. *Combs*, 410 S.W.3d at 529; *City of Dallas*, 353 S.W.3d at 553. "To determine whether a plaintiff has affirmatively demonstrated the trial court's subject matter jurisdiction to hear a case, we consider the ***facts alleged in the petition along with any evidence submitted by the parties***, to the extent such evidence is relevant to the jurisdictional issue." *Combs*, 410 S.W. 3d at 533 (emphasis added). "[I]f the

8

pleadings affirmatively negate jurisdiction, then the plea to the jurisdiction should be granted." *Id*. The subject matter affirmatively pled by Limon negates the possibility of any potential prospective relief, therefore, the "trial court [does] not have subject-matter jurisdiction over the rule 202 proceedings." See *Id.* at 538.

**B.     Cases relied on by Limon support immunity protections under Rule 202 proceedings**

Limon repeatedly cites two appellate court cases as support for her contention that immunity does not apply to governmental entities under Rule 202 petitions; however, even these cases only grant Rule 202 depositions ***because the petitioners identified viable claims*** against specifically named third parties in their petitions. *City of Houston*, 190 S.W.3d 242; *see also M.D. Anderson Cancer Center*, 2012 WL 4465349.

Both *City of Houston* and *M.D. Anderson Cancer Center* support the premise that a trial court lacks jurisdiction over Rule 202 proceedings if the petitioner does not affirmatively allege facts demonstrating the trial court's jurisdiction of a potential cause. *City of Houston*, 190 S.W. 3d at 244. In *City of Houston*, the court only permitted the depositions to go forward ***because*** the petitioners made a claim in their petition against a specifically named third party over which the trial court would have jurisdiction to review. *Id.* at 245 ("Because a portion of the claim under investigation – a claim against Altivia [named third

9

party] – is under the jurisdiction of the state district court, the court did not err in denying the City's plea to the jurisdiction.")

The same is true under *M.D. Anderson*, which relies on the *City of Houston* ruling. *See generally M.D. Anderson Cancer Center*, 2012 WL 4465349. The *M.D. Anderson* Court does not state that the trial court ultimately has jurisdiction over all Rule 202 proceedings, but instead, the Court states that the petitioner explicitly mentioned in his Rule 202 petition his expressed intent to investigate claims against a specifically named party who was "non-immune" to the alleged actions. *Id.* at *5. Because the petition identified a valid party under which the state court may have jurisdiction, M.D. Anderson's plea to the jurisdiction was denied. *Id.*

Unlike the petitioners in the *City of Houston* or *M.D. Anderson* cases, Limon fails to identify ANY parties other than CCISD or its employees who she believes may be liable. She also fails to identify ANY facts that would give rise to a claim against anyone other than CCISD or its employees. In fact, Limon expressly mentions more than once in her Amended Petition that it is "***CCISD and its agents, servants, and employees*" that "*may be liable*** to Plaintiff under § 101.021 *et seq*. of the TEXAS CIVIL PRACTICE & REMEDIES CODE because Cameron's injuries were ***proximately caused by*** a condition or use of tangible personal or real

10

property of ***CCISD and would be personally liable to Plaintiff*** under Texas Law, were it a private person." (CR p. 38).[2]

To the extent that there may be claims against yet to be named private parties or nongovernmental entities, Section 101.021 cannot apply because this statute and its subsequent sections are only applicable to governmental entities. Therefore, Limon's petition fails to identify any facts or basis under which any non-immune party could be liable. "[I]f the pleadings ***affirmatively negate*** jurisdiction, then the plea to the jurisdiction should be granted." *Combs*, 410 S.W. 3d at 533 (emphasis added).

## III. Limon did not carry her burden to demonstrate that Rule 202 depositions are necessary.

Limon's pleadings are void of the necessary elements and evidence to demonstrate that the benefit of the requested depositions outweighs the burden. *In re Reassure America Life Ins. Co.*, 421 S.W. 3d 165, 174 (Tex. App. – Corpus Christi, 2013)("[Petitioner] had the burden to show either that allowing him to take the depositions would prevent a failure or delay of justice, or that the likely benefit

---

[22] As more fully addressed in the CCISD Employees' principal brief, Limon's reliance on Section 101.021 of the Texas Civil Practices and Remedies Code (the "Texas Torts Claims Act") is misplaced. Although Section 101.021 and the subsequent sections of the Texas Torts Claims Act waive governmental immunity for some tort claims, Section 101.051 expressly does not waive immunity for school districts unless the tort arises from the use of a motor vehicle. See TEXAS CIV. PRAC. & REM. CODE ANN. §§ 101.021 and 101.051. Limon has failed completely to articulate how CCISD or its employees could be liable under the Texas Tort Claims Act, or any other law.

11

of allowing him to take the requested depositions to investigate a potential claim or suit outweighs the burden or expense of the procedure"). The Texas Supreme Court has clearly established that "Rule 202 depositions are not now and never have been intended for routine use." *In re Jorden*, 249 S.W. 3d 416, 423 (Tex. 2008). In fact, the Texas Supreme Court has specifically ruled that Rule 202 depositions are not merely discovery because there is a potential for abuse and Rule 202 depositions must be "strictly limited," which is why it is necessary for the petitioner to articulate subject matter that supports some anticipated action against viable parties. *See generally In re Jorden,* 249 S.W.3d 416; *In re Wolfe,* 341 S.W.3d 932; *Combs*, 410 S.W.3d 529.

In determining whether or not Rule 202 depositions should be granted, there is an evidentiary requirement to show that the Rule 202 depositions are necessary, and "sworn, verified pleadings are generally not considered competent evidence to prove the facts asserted in the pleading." *In re East*, No. 13-14-00317-CV, 2014 WL 4248018, *6 (Tex.App. – Corpus Christi, August 22, 2014). Moreover, the trial court is required to make findings that the benefit of the depositions outweighs the burden. *Patton Boggs LLP*, 394 S.W. 3d at 571 ("The trial court had no discretion to order depositions under rule 202 without the required finding under rule 202.4(a)(2)")(citing *In re Wolfe*, 341 S.W. at 933; *In re Jorden*, 349 S.W. 3d at 420).

12

Both in her petition and at a July 29, 2014, hearing, Limon failed to present any evidence or allege any facts as to why the Rule 202 depositions were necessary to prevent the failure or delay of justice or to demonstrate that any benefit from the depositions would outweigh the burden. (RR pp. 4-11) The trial court would not consider arguments from the CCISD Employees on why CCISD Employees were protected under governmental immunity from the requested Rule 202 depositions. (RR pp. 4-11) According to the trial court, "[e]verybody gets [Rule 202 depositions] when they ask for them." (RR p. 8) The court went on to say, "[t]his discovery business is broad. And you can take depositions of all kinds of people, you know, in a lawsuit, even if they're not liable . . . [I]f you look at discovery ordinarily in a case and the latitude which you can go, the same thing applies to this." (RR p. 5) The trial court "assumed that" it had the authority to grant Rule 202 depositions without requiring the petitioner to provide evidence regarding whether or not the depositions were necessary to prevent a failure or delay of justice or to demonstrate that any benefits from the depositions would outweigh the burden or expense, and the court failed to make required findings on these issues. (CR p. 58); See TEX. R. CIV. P. 202.4(a).

Limon argues that "Appellants exaggerate their purported burden by suggesting a considerable amount of funds meant to educate students would be lost, thus they have the heavier burden." *See* "Reply Brief of Appellee Josephine

Limon" at p.6. But Limon ignores the point that it is the *Petitioner's* burden to demonstrate that the benefit of rule 202 depositions outweighs the burden. *East*, 2014 WL 4248018 at *6 ("[t]he law is clear that a petitioner seeking a presuit deposition must present evidence to meet ***its burden*** to establish facts necessary to obtain the deposition.")

There is no argument that the death of Cameron Espinosa is a tragedy beyond belief, and the pain and suffering for his family must continue to be extraordinary. The relevant question in this case, however, is not whether this horrible accident has caused a heavy burden for Ms. Limon – about that there can be no dispute. Rather, the issue here is whether the *benefit* of taking these depositions at this time outweighs the burden. Limon simply has failed to carry her burden to demonstrate *any* benefit, given that the potential parties she choose to identify (CCISD and its employees) and the claims she chose to articulate (tort claims) are plainly barred by governmental immunity. Given that Limon has failed to demonstrate a benefit, then the very real burden on CCISD and its employees (including time and the abrogation of immunity principles), regardless of how significant one thinks that to be, clearly outweighs the benefit. Limon's Amended Petition is simply not enough to show that the Rule 202 deposition should be permitted, and granting Limon's Rule 202 depositions without necessary evidence would violate the immunities granted to local governments in order to avoid costly

14

litigation that hamper governmental functions. *See generally Mission Consolidated Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008); *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 513 (Tex. 2012).

Limon now argues that she should be entitled to take the Rule 202 depositions to find out whether there are other potential responsible parties. However, this argument contradicts her own petition, which identifies potential claims against *only* CCISD and its employees. She also failed to bring forth any evidence suggesting the possibility of claims against potential third parties. As such, at most, Limon now is simply saying she is entitled to conduct a fishing expedition to try to find out whether other claims or parties exist. As the cases discussed previously make clear, when seeking Rule 202 depositions from an immune governmental entity, the petitioner must at least be able to demonstrate other claims or identify other parties not subject to the immunity defense. Moreover, to the extent Limon wishes to find out certain factual information from which she might be able to identify other potential parties or claims, she has other less burdensome avenues available, such as the Texas Public Information Act. *See generally* TEX. GOV'T CODE § 552.001, et seq. Such open government laws provide a mechanism to obtain information that is less burdensome and does not negate the immunity protections afforded CCISD and its employees under law.

15

## PRAYER

For the reasons stated herein and in CCISD Employees' Appellant Brief, CCISD Employees ask this Court to overturn the trial court's order, grant the CCISD Employees' plea to the jurisdiction, deny Limon's request for Rule 202 depositions, and grant such other relief to which the CCISD Employees may show themselves entitled.

Respectfully submitted,

THOMPSON & HORTON LLP


By:    */s/ Philip Fraissinet*

Philip Fraissinet
State Bar No. 00793749
Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone: (713) 554-6743
Facsimile: (713) 583-9668
pfraissinet@thompsonhorton.com

Bradley J. Domangue
State Bar No. 24065156
Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone: (713) 554-6742
Facsimile: (713) 583-5295
bdomangue@thompsonhorton.com

**ATTORNEYS FOR APPELLANTS**

16

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served by the Court's electronic filing system, CM/ECF, on January 23, 2014 to the following counsel of record by electronic mail:

Mr. Greggory A. Teeter
*Email:* gteeter@thomasjhenrylaw.com


‎ ‎ ‎ /s/ *Philip Fraissinet*
Philip Fraissinet


## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing document has 3,856 words and fully complies with TEXAS RULES OF APPELLATE PROCEDURE 9.4(i). The word processing software used to prepare this filing, and calculate the word count, is Microsoft Word 2010.


‎ ‎ ‎ /s/ *Philip Fraissinet*
Philip Fraissinet

647603
9C3705.000178